NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| NOAM ANDREWS, as Trustee of the 4478 Realty Revocable Trust, | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | Case No. 2D13-5356 |
| SHIPP'S LANDING CONDOMINIUM ASSOCIATION, INC., | ) ) ) | |
| Appellee. | ) ) ) | |
| _____ | ) | |

Opinion filed June 10, 2015.

Appeal from the Circuit Court for Collier
County; Frederick R. Hardt, Judge.

Raymond L. Bass, Jr., of Bass Law
Office, Naples, for Appellant.

Scott A. Cole and Kathryn L. Smith of
Cole, Scott & Kissane, P.A., Miami,
for Appellee.


KELLY, Judge.

          Noam Andrews, as Trustee of the 4478 Realty Revocable Trust,

challenges the final summary judgment entered in favor of Shipp's Landing

Condominium Association, Inc., in an action for declaratory and injunctive relief.  The

final judgment determined the Trust violated Shipp's Landing's Declaration of Condominium when it removed the drywall from the ceiling in its unit. The court ordered the Trust to restore the drywall. We reverse the final judgment because the Association did not show conclusively the absence of any genuine issue of material fact as to whether the Trust's removal of the drywall violated the Declaration of Condominium. See Land Mgmt. of Fla., Inc. v. Hilton Pine Island, Ltd., 974 So. 2d 532 (Fla. 2d DCA 2008) (reversing final summary judgment where genuine issues of material fact remained in dispute).

Eugene and Naomi Andrews[1] sought and received written permission from the Board of Directors of Shipp's Landing to perform various renovations to their unit. The Association had no specified format for such requests other than a requirement that it be submitted in writing. The Andrews' request listed the renovations they anticipated making to the unit. The record shows that not all requests were similarly detailed; some amounted to nothing more than a single sentence notifying the Association of the owner's intent to renovate. The Andrews' request did not specify that they intended to remove the drywall from the ceiling. During the renovations, however, they decided to remove the drywall in certain areas of the unit to give those areas a "loft" feel by exposing the concrete ceiling beams to which the drywall was attached.

The removal of the drywall is what is at issue in this case. Several months after the renovation was finished, another unit owner complained to the Association about the removal of the drywall. Although a representative of the Association had

---

[1]While Appellant is identified as "Noam Andrews, Trustee of the 4478 Realty Revocable Land Trust," Noam's parents, Eugene and Naomi Andrews, are the beneficiaries of the Trust.

monitored the renovations and was aware that the drywall had been removed, after receiving this complaint, the Association ordered the Andrews to replace the drywall. After attempts to resolve the matter failed, the Trust filed this action seeking a declaration of its rights under the Declaration of Condominium, and the Association filed a counterclaim seeking similar relief.

The Association's third summary judgment motion asked the court to find that the Trust had violated the Declaration of Condominium either because the drywall was outside the boundaries of the unit, and therefore its removal constituted a material alteration of a common element or a limited common element without written permission, or alternatively that its removal was a material alteration of the unit without written permission. As to the latter, the Association's position is that the omission of any mention of the drywall removal in the request to renovate means that the Association's written consent to the request cannot be deemed to include the removal of the drywall. In opposition to the motion the Trust filed, among other things, affidavits of an engineer and certified building inspector and a professional surveyor, both of whom reviewed the legal description of the units' boundaries and opined that the drywall was within the units' boundaries as they are described by the Declaration of Condominium. The Association offered nothing to counter these affidavits. Nevertheless, the trial court granted its motion for summary judgment finding: "By removing the ceiling of his condominium unit, the Plaintiff . . . materially altered the common elements of the Shipps [sic] Landing Condominium building without first obtaining the written approval of the Board of Directors as required by the Amended and Restated Declaration of Condominium."

- 3 -

On appeal, the Trust argues that we must reverse the trial court's decision because the only evidence in the record is that the drywall is within the boundaries of the units, as described in the Declaration of Condominium. We agree. The Association dismisses the Trust's argument as "purely academic" and "irrelevant" and argues the summary judgment can be affirmed because it is undisputed that the material alteration of a unit or a limited common element requires prior written approval, and the Trust did not get prior approval to remove the drywall. We disagree. Just as the Association failed to meet its burden to conclusively show a violation based on the alteration of a common element, it likewise did not show the drywall was a limited common element. Further, whether the removal of the drywall was a "material" alteration remains disputed, as do the issues raised in the Trust's affirmative defenses. Accordingly, we reverse the summary judgment and remand for further proceedings.

Reversed and remanded.


KHOUZAM and SLEET, JJ., Concur.